JUAN BAUTISTA BADILLO, Plaintiff and Appellant, *v.* CARMEN MERCEDES HIDALGO, Defendant and Appellee.

No. 6245.   Argued January 11, 1934.—Decided March 16, 1934.

*José Veray, Jr.*, for appellant.   *Luis A. Rosario* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

On April 1, 1932, Juan Bautista Badillo brought, in the District Court of Aguadilla, a suit for divorce against his wife Carmen Mercedes Hidalgo upon the ground of abandonment of the plaintiff by his wife. On April 2, a summons was issued and served, and on the 14th of the same month, the clerk of the court noted the default of the defendant. On the following day, a hearing of the case was held, at which the plaintiff was present, and the court, after hearing the evidence, entered a judgment declaring the marriage between the husband and wife dissolved.

On July 1, 1932, the defendant presented a motion to the court, praying that the decree of divorce be vacated and declared to be null and void, as having been obtained by the plaintiff in bad faith, with manifest fraud and with the deliberate intent of procuring a decree of divorce upon a cause of action which did not exist, surprising, as it did surprise, the good faith of the wife. The court set this motion for hearing on July 9, and after hearing the evidence, both parties being present, it entered an order vacating the decree of divorce. From this order the plaintiff took the present appeal. The only error assigned is that the lower court set the motion to vacate the decree for hearing *motu proprio,* without waiting for the same to be included in the special calendar upon the petition of either of the parties, and without there having been paid the fees for setting the same in accordance with the schedule.

It is argued that the order entered by the court below is null and void, because the motion to vacate the decree was not included in the special calendar nor set at the request of a party after cancellation of an internal revenue stamp of the value of $5, as provided in section 2 *a* of Act No. 17 of 1915 (Session Laws, p. 45). It is also urged by the appellant that the court below ought to have applied the provisions of

Act No. 38 of April 24, 1931 (Session Laws, p. 356). In Act No. 17 of March 11, 1915, cited by the appellant, there are fixed the fees to be paid for the various services, proceedings, and judicial duties, among which is the following:

"Sección 2.—   *   *   *   *   *

*   *   *   *   *   *   *

"C. For entering a case on the calendar and setting the same for trial, $5.00."

Act No. 38, approved in 1931, to which the appellant refers, is identical with Act No. 94, approved in 1917, which, among others, was declared void by the Federal Circuit Court in Boston. The latter act was interpreted by this court in the case of *Hamburger Bros. & Co.* v. *District Court of San Juan*, 38 P.R.R. 352, and what we said there can be applied to the law now in force.

Prior to the approval of this law concerning special calendars, there was no other calendar than the general. Today there are two additional calendars, both of special character: one for the hearing of motions and demurrers on Monday of each week upon petition of any of the parties to a pending suit, and another for the hearing of *ex parte* matters, special legal proceedings, contested summary proceedings, and hearings on default cases, on Friday of each week. For inclusion in the Monday calendar for motions and demurrers in a pending suit it is necessary to cancel an internal revenue stamp in accordance with the schedule; for matters which are to be heard on Friday of each week no fee is required. This court so held in interpreting jointly sections 1 and 2 of the Act approved in 1917 (Session Laws (3), p. 18), which are identical with sections 1 and 2 of the Act of 1931 (Session Laws, p. 356).

In *ex parte* matters, special legal proceedings, contested summary proceedings, and hearings on default cases, which ought to be heard on Friday, after inclusion thereof in the

calendar, there is no necessity of paying any fee. We have considerable doubt as to whether the motion for vacation of decree presented in this case may be included in one of the groups which ought to be heard on Friday of each week. This motion does not fall either within *ex parte* matters, or within special legal proceedings, or within those cases in which default has been noted. Judgment had been rendered, and now its vacation is sought as having been obtained fraudulently. Neither can the said motion be classified as a contested summary proceeding, although the nature of the same and the public interest, which is an element to consider at all times in an action for divorce, make it desirable that it be decided promptly. It is clear, in our judgment, that this motion is not included in the matters enumerated in section 2 of the Act of 1931, or among those in section 1, because it is not a motion filed in a pending suit, but a motion to set aside a decree.

Leaving aside the Act of 1931 as not applicable to the present case, let us now see if the motion presented by the defendant is included in paragraph *C* of section 2 of the Act of 1915, which fixes a fee of $5 for entering a case on the calendar and setting the same for trial.

This is not a case which is entered on the calendar and set for trial. It is simply a motion praying that a decree be set aside, the hearing of which was set *motu proprio* by the court. It is an old rule that laws which provide for tax or excise liability cannot be extended by analogy to cases not clearly comprised therein. *Hamburger Bros. & Co.* v. *District Court, supra.* The law does not require a fee of $5 for the setting of this motion, for the filing of which the defendant paid the sum of $5. The paragraph which we have cited above refers to the entering on the calendar and the setting of a case and not of a motion. We are of the opinion that the payment of any fee in this case was not necessary and that the district court did not exceed its powers in setting

a day for the hearing of the motion presented by the defendant for annulment of the decree.

The order appealed from must be affirmed.